**In re Paul TIPPS, Debtor.**

**Bankruptcy No. C3-89-498.**

United States District Court,
S.D. Ohio, W.D.

Feb. 5, 1993.

Pamela Stanek, U.S. Atty's. Office, Dayton, OH, Brenda Dodrill, U.S. Atty's. Office, Columbus, OH, Thomas Jones, U.S. Dept. of Justice, Washington, DC, for appellant.

Armistead Gilliam, Faruki Gilliam & Ireland, Dayton, OH, for appellee.

## MEMORANDUM AND ORDER

BECKWITH, District Judge.

### Background

This matter is before the Court on the appeal by the Internal Revenue Service ("IRS") of Judge William Clark's order of September 29, 1989, in the bankruptcy case of Paul Tipps, Case No. 3–83–00919. In this order, Judge Clark disallowed the claims of the IRS with respect to the Ru–El Company ("Ru–El") and the Ellison Coal Company ("Ellison"), finding that the debtor was not a responsible person for the payment of the withheld taxes with respect to Ru–El and Ellison, under 26 U.S.C. § 6672. In the same order, Judge Clark allowed the claim of the IRS with respect to the Coventry Energy Corporation ("Coventry"), finding that the debtor was a responsible person for the payment of withheld Coventry taxes under § 6672. The IRS's claims against the debtor were for unpaid withheld income and Federal Insurance Contributions Act (FICA) taxes due from the three companies.

The debtor, Paul Tipps, was the president of Coventry from May 17, 1978, until Coventry concluded its operations in April of 1979. During its existence, Coventry was the holding company for its two wholly owned subsidiaries, Ru–El and Ellison. Coventry produced no income other than the income that was earned by Ru–El or Ellison.

■ In his brief, the debtor asserts that the IRS's burden on appeal is to show that the findings of Judge Clark were clearly erroneous. However, the IRS, in their reply brief, point out that the Second Circuit Court of Appeals recently held that the question of whether a person is "responsible person" for purposes of Section 6672 is a mixed question of law and fact, and thus requires full review under a de novo standard. *Hochstein v. United States*, 900 F.2d 543 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2967, 119 L.Ed.2d 587 (1990). This Court notes also that the Sixth Circuit Court of Appeals fully reviewed a Section 6672 case in *McDermitt v. United States*, 954 F.2d 1245, 1250–52 (6th Cir.1992). Accordingly, this Court will apply the de novo standard of review to the mixed questions of law and fact presented in this proceeding.

### Analysis

■ In the order presently under appeal, the question before Judge Clark was whether the debtor, Paul Tipps, was a "responsible person" pursuant to Title 26 Section 6672(a). Under Section 6672, any person who willfully fails to pay withheld income taxes is personally liable for the full amount of taxes not paid. To determine if the debtor was a responsible person under 6672, Judge Clark appropriately applied the functional test as set out by the Sixth Circuit in *Gephart v. United States*, 818 F.2d 469 (6th Cir.1987). In 1992, the Sixth Circuit again approved the usage of the functional test of *Gephart* to determine whether a person is a responsible person. *McDermitt*, 954 F.2d at 1250.

■ In *McDermitt*, the Sixth Circuit reiterated that this test focuses mainly on:

the degree of influence and control which the person exercised over the financial affairs of the corporation, and specifically, disbursements of funds and priority of payments to creditors.... The willfulness element is present if the responsible person had knowledge of the tax delinquency and knowingly failed to rectify it when there were available funds to pay the government.

*McDermitt*, 954 F.2d at 1250–51 (quoting *Gephart*, 818 F.2d at 473, 475.) Applying the test of *Gephart*, Judge Clark examined the evidence presented by the parties under the following five factors: (1) the duties of the officer as outlined by the bylaws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation.

The IRS asserts that the financial affairs of Coventry, Ellison, and Ru–El were centralized and combined under the debtor's control. After its review of the record, this Court agrees with Judge Clark that none of the witnesses supported that scenario. As stated by Judge Clark:

the evidence is overwhelming that the financial affairs of the corporations were dominated and controlled by Roy Ellison and not Paul Tipp.

Upon an examination of the record under the factors outlined above, this Court agrees with Judge Clark that the debtor was not a responsible person pursuant to Section 6672 with respect to Ru–El and Ellison. In its de novo review of Judge Clark's order of September 29, 1989, this Court has thoroughly examined the factual and legal conclusions reached by Judge Clark, the arguments advanced by the IRS and by the debtor, and law cited by the IRS and the debtor, and the record before Judge Clark. The Court finds that the factual and legal conclusions adopted by Judge Clark are absolutely correct and are therefore adopted by this Court.

*Conclusion*

For the reasons outlined above, the Court hereby **AFFIRMS** the decision of the bankruptcy court as entered on September 29, 1989.

**IT IS SO ORDERED.**